**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TERRY BILSON,

Plaintiff,

v. 9:25-cv-00356 (AMN/ML)

CARY, Corrections Officer, Upstate Corr. Facility; HOOKER, Corrections Officer, Upstate Corr. Facility; GOMEZ, Corrections Officer, Upstate Corr. Facility; LAYGIE, Corrections Officer, Upstate Corr. Facility; JANE DOE, Sergeant, Upstate Corr. Facility; JOHN DOE 1, Corrections Officer, Upstate Corr. Facility; JOHN DOE 2, Corrections Officer, Upstate Corr. Facility; and JOHN DOE, Sergeant, Upstate Corr. Facility,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

**TERRY BILSON**
Lakeview Shock Incarceration Correctional Facility
Post Office Box T
Brocton, New York 14716
*Plaintiff pro se*

**NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL** — **ALEXANDRA GALUS, ESQ.**, Assistant Attorney General
The Capitol
Albany, New York 12224
*Attorneys for Defendants Hooker, Gomez, and Laygie*

**CONWAY, DONOVAN & MANLEY, PLLC** — **RYAN DONOVAN, ESQ.**, **LAUREN MORDACQ, ESQ.**
50 State Street, 2nd Floor
Albany, New York 12207
*Attorneys for Defendant Cary*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On March 20, 2025, plaintiff *pro se* Terry Bilson ("Plaintiff"), who was incarcerated in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at all relevant times, commenced this action pursuant to 42 U.S.C. § 1983 alleging misconduct at Upstate Correctional Facility ("Upstate"). *See* Dkt. No. 1 ("Complaint"). Plaintiff sought and was granted leave to proceed *in forma pauperis*. Dkt. Nos. 3, 6. On May 21, 2025, this Court, on initial review pursuant to 28 U.S.C. § 1915, dismissed all but Plaintiff's First Amendment retaliation claims against defendants Correction Officer John Doe #1 and Correction Sergeant Jane Doe; Plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Hooker, Laygie, Gomez, Sergeant Jane Doe, Cary, Correction Officer John Doe #2, and Correction Sergeant John Doe; and Plaintiff's Eighth Amendment conditions-of-confinement claims against defendants Corrections Officer John Doe #1 and Correction Sergeant Jane Doe. Dkt. No. 6 at 20-21.[1] On January 21, 2026, defendants Gomez, Hooker, and Laygie ("Moving Defendants") filed a pre-answer motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, asserting that Plaintiff had failed to exhaust his administrative remedies. Dkt. No. 32 (the "Motion"). Plaintiff filed papers in opposition, Dkt. No. 39, and submitted his own statement of material facts pursuant to Local Rule 56.1(b), Dkt. No. 38; and Moving Defendants replied, Dkt. No. 43.

This matter was referred to United States Magistrate Judge Miroslav Lovric, who issued a Report and Recommendation ("Report-Recommendation") on July 14, 2026, recommending that

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

Defendants' Motion be denied. Dkt. No. 49 at 19. Magistrate Judge Lovric advised that under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 20. Neither party has filed objections and the time to file objections has passed.

For the following reasons, the Court adopts the Report-Recommendation.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289,

295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## III. DISCUSSION

Because no party has filed objections, the Court reviews the Report-Recommendation for clear error.

A court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Magistrate Judge Lovric noted that where, as here, a non-movant fails to properly respond to a motion for summary judgment, the movant has a lighter burden. Dkt. No. 49 at 9 (citing *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996)). But the court must still "assure itself that, based on the undisputed material facts, the law indeed warrants judgment for the movant." *Id.* In doing so, a court only deems the facts in a movant's statement of facts admitted when the non-movant willfully fails to respond *and* when those facts are supported by evidence in the record. *Id.* at 10 (citing *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 427 & n.6 (N.D.N.Y. 2009) and *Prestopnik v. Whelan*, 253 F. Supp. 2d 369, 371 (N.D.N.Y. 2003)). Magistrate Judge Lovric also noted that when a non-movant fails to oppose certain of a movant's legal arguments, the court deems the non-movant to have consented to those arguments if they possess facial merit. *Id.* (citing *Beers v. General Motors Corp.*, No. 97-CV-482 (NPM/DNH), 1999 WL 325378, at *27-31 (N.D.N.Y. May 17, 1999) and *Devito v. Smithkline Beecham Corp.*, No. CIV.A. 02-CV-0745NPM, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004)).

As to the issue of exhaustion, Magistrate Judge Lovric noted that the Prison Litigation Reform Act ("PLRA") prevents a prisoner from bringing an action regarding prison conditions under Section 1983 "'until such administrative remedies as are available are exhausted.'" *Id.* at 11 (quoting 42 U.S.C. § 1997e(a)). In New York, DOCCS has established a three-step Incarcerated Grievance Program ("IGP") to report grievances: "(1) the inmate must file a grievance with the [Inmate Grievance Review Committee ("IGRC")] within twenty-one days of the alleged occurrence, (2) the inmate must then appeal an adverse decision by the IGRC to the superintendent of the facility within seven days after receipt of the IGRC's response, and (3) the inmate must then appeal an adverse decision by the superintendent to the [Central Office Review Committee ("CORC")] within seven days after receipt of the superintendent's response." *Id.* at 11-12 (first citing 7 N.Y.C.R.R. § 701.5, and then citing *McGee v. McGready*, No. 16-CV-4187, 2018 WL 2045094, at *2 (S.D.N.Y. Apr. 30, 2018)). Magistrate Judge Lovric further noted that DOCCS procedures provide for an expedited review that allows grievances concerning staff harassment to "'bypass IGRC and proceed before the [s]uperintendent in the first instance.'" *Id.* at 12 (quoting *Jackson v. Jackson*, No. 16-CV-08516 (PMH), 2021 WL 981849, at *4 (S.D.N.Y. Mar. 16, 2021)). The superintendent must respond to such a grievance within twenty-five days under the expedited procedure. *Id.* (citing 7 N.Y.C.R.R. § 701.8). If the superintendent does not timely respond, the inmate may appeal directly to CORC. *Id.* (citing 7 N.Y.C.R.R. § 701.8(g)). The inmate otherwise has seven days from receipt of the superintendent's response to appeal to CORC. *Id.* (citing 7 N.Y.C.R.R. § 701.8(h)).

Magistrate Judge Lovric also noted that the Supreme Court has identified three circumstances in which administrative remedies are not "available" to incarcerated individuals within the meaning of the PLRA such that they excused from the exhaustion requirement. *Id.*

at 13. An administrative procedure is unavailable when (1) "'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'"; (2) it is "'so opaque that it becomes, practically speaking, incapable of use'"; or (3) "'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* (quoting *Ross v. Blake*, 578 U.S. 632, 633 (2016) (internal quotations omitted)).

Turning to Defendants' argument, Magistrate Judge Lovric recommended that this Court deny the Motion because "Moving Defendants have not satisfied their burden to establish that Plaintiff failed to exhaust his administrative remedies." *Id.* at 14. Magistrate Judge Lovric found that Plaintiff filed an expedited grievance relating to his allegations of excessive force against Moving Defendants labeled "UST-0200-24"; and that the superintendent issued an adverse ruling on May 15, 2024, which Plaintiff received on June 3, 2024, and that Plaintiff filed an appeal to CORC seven days later, on June 10, 2024.[2] *Id.* at 15-16. Moving Defendants assert that Plaintiff never requested an extension of time to file his appeal, which Upstate's grievance office denied as untimely. *Id.* at 4; *see also* Dkt. No. 32-3 at ¶¶ 17-18. Magistrate Judge Lovric, however, found that Plaintiff had seven days from his receipt of the adverse ruling to appeal, meaning that Plaintiff's appeal was timely, and DOCCS's rejection was therefore improper. Dkt. No. 49 at 16.

[2] Magistrate Judge Lovric further noted that Moving Defendants purported to correct a "typographical error" in their papers that indicated Plaintiff's appeal was due on May 22, 2024, and revised their account of the facts without explanation to assert that Plaintiff in fact filed his appeal on June 12, 2024. *Id.* at 15-16 (citing Dkt. No. 43-1 at ¶¶ 4-5 (indicating Plaintiff's appeal was due on May 22); Dkt. No. 32-1 at ¶¶ 19, 20 (indicating Plaintiff filed on June 10); Dkt. No. 32-3 at ¶ 16 (same); Dkt. No. 32-4 at 8 (same); Dkt. No. 43-1 at ¶ 6 (indicating Plaintiff filed on June 12)). Magistrate Judge Lovric declined to credit these assertions in light of Moving Defendants' failure to account for the discrepancy and Plaintiff's sworn statement that he had filed his appeal on June 10. *Id.* at 15-16.

In the alternative, Magistrate Judge Lovric assessed the applicability of the "prison mailbox rule," under which a notice of appeal and certain other filings are deemed filed by an incarcerated individual upon its delivery to prison authorities. *Id.* at 17. Acknowledging that the Second Circuit has not ruled on whether the rule applies to the prison grievance process, Magistrate Judge Lovric nevertheless found that the weight of persuasive authority and Plaintiff's *pro se* status counseled in favor of finding that the prison mailbox rule applied and his appeal to DOCCS was timely. *Id.* at 18-19. Magistrate Judge Lovric accordingly found that either Plaintiff exhausted his available administrative remedies, or any unexhausted avenue of appeal was not "available" to him within the meaning of the PLRA. *Id*. at 19.

After reviewing the Report-Recommendation and the parties' submissions, the Court finds no clear error and adopts Magistrate Judge Lovric's recommendation to deny Defendants' Motion.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 49, is **ADOPTED** for the reasons stated herein; and the Court further

**ORDERS** that Moving Defendants' motion for summary judgment, Dkt. No. 32, is **DENIED**, and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.[3]

**IT IS SO ORDERED.**

DATED: September 1, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge

[3] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.